**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 24-56114-PWB |
| FULCRUM LOAN HOLDINGS, LLC, *et al.*,[1] | CHAPTER 11 |
| Debtors. | [Jointly Administered] |

**OBJECTION TO DEBTORS' APPLICATION TO APPROVE EMPLOYMENT OF FINANCIAL ADVISOR EFFECTIVE AS OF THE PETITION DATE**

COME NOW Wayne Lyle and Charles Cary (collectively, "Lyle and Cary") and object to Debtors' Application to Approve Employment of Financial Advisor Effective as of the Petition Date [Doc. 76] (the "Application"), respectfully showing as follows:

1. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on June 14, 2024 ("Petition Date").

2. The Debtors filed the Application on October 24, 2024, seeking to employ B. Riley Advisory Services ("B. Riley") as the Debtors' financial advisor.

3. The Application states Debtors "retained B. Riley as of June 27, 2024." Application ¶ 2.

4. Debtors seek approval of B. Riley effective as of the Petition Date. Application ¶ 25.

5. The Application was filed four months after B. Riley was retained. The Application does not explain (a) any basis for the four-month delay or (b) the request for *nunc pro tunc* treatment.

---

[1] The Debtors in these jointly-administered Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fulcrum Loan Holdings, LLC (7401), Fulcrum Tale LLC (2038), Strategic Retreat Holdings, LLC (2894), HIP II, LLC (0611), and JARBAI, LLC (1447).

1

6.    Bankruptcy Courts in this district typically have applied a two-part test to determine whether retroactive approval is justified. "To obtain retroactive approval of the employment of a professional under Section 327 of the Bankruptcy Code, a trustee must meet two general requirements. 'First, nunc pro tunc approval of an application of a professional can be granted only if the failure to file a timely application was due to excusable neglect.... Second, nunc pro tunc approval requires a showing that the applicant would have been approved initially if a timely application had been filed.'" *In re Princeton Medical Management, Inc.*, 249 B.R. 813, 815 (Bankr. M.D. Fla. 2000) (quoting *In re Jones*, 138 B.R. 289, 293 (Bankr. M.D. Fla. 1992)).

7.    The Court should not approve *nunc pro tunc* treatment absent a showing that such approval is justified.

8.    To the extent the Court approves *nunc pro tunc* treatment, the approval should be retroactive to the date of retention (June 27) rather than the Petition Date (June 14).

9.    Substantively, it is unclear exactly what services are to be provided by B. Riley.

10.    The Application states, "In light of the size and complexity of the Cases, the Debtors require a qualified and experienced financial advisor." Application ¶ 9.

11.    The Application includes a generic 12-item list of broadly worded services B. Riley may provide, such as assisting the Debtors in a review of their strategic options, assisting in developing financial projections and liquidity projections, assisting with preparing monthly operating reports, assisting with preparing a plan of reorganization, and any other duty or task within the normal responsibilities of a financial advisor.

12.    Documents filed by Bay Point Capital Partners II, LP, however, suggest B. Riley was retained to assist with and lead a sale process previously agreed to by Bay Point and the Debtors. Moreover, these documents further suggest the Debtors may no longer need or want B.

Riley's services. *See, e.g.*, Bay Point Capital Partners II, LP's Motion for Appointment of a Chapter 11 Trustee ¶ 5 ("Bay Point and the Debtors previously discussed a sale process that would have resulted in the assets being sold by Thanksgiving. … Leventhal recently walked the Debtors back their prior agreement to permit Marshall Glade of B. Riley to control the sale process[.]").

13. Additionally, it is not clear how the Debtors will afford the $550 per hour rate for the financial advisor.

14. As is clear from the Debtors' Schedules, Statements of Financial Affairs, and Monthly Operating Reports—and as acknowledged by the Debtors at their Meeting of Creditors—the Debtors' assets comprise real property held for resale, and Debtors generate no income.[2]

15. Moreover, the Debtors do not have DIP financing and have not sought DIP financing. And the most likely source of such financing—Bay Point—is seeking appointment of a trustee.

---

[2] *See* Statement of Financial Affairs for Fulcrum Loan Holdings, LLC ("FLH"), Doc. 42 at 20 (no revenue whatsoever this year or the previous two years); June Operating Report for FLH [Doc. 55] (starting account balance of $1,141.00 followed by receipts of $0.00 and disbursements of $23.00); July Operating Report for FLH [Doc. 56] (receipts of $90.51 and disbursements of $1,195.51); August Operating Report for FLH [Doc. 72] (receipts of $1,106.00 and disbursements of $14.00); (June, July, and August monthly operating reports for Fulcrum Loan Holdings, LLC); June Operating Report for Fulcrum Tale, LLC [Doc. 32, Case No. 24-56115] (starting account balance of $0.00 followed by receipts of $0.00 and disbursements of $10.00); July Operating Report for Fulcrum Tale, LLC [Doc. 33, Case No. 24-56115] (receipts of $232.71 and disbursements of $150.00); August Operating Report Fulcrum Tale, LLC [Doc. 38, Case No. 24-56115] (receipts of $0.00 and disbursements of $196.66); Statement of Financial Affairs for Jarbai, LLC [Case No. 24-56157], Doc. 26 at 14 (no revenue whatsoever this year or the previous two years); June Operating Report for Jarbai, LLC [Doc. 28, Case No. 24-56157] (starting account balance of $0.00 followed by receipts of $0.00 and disbursements of $10.00); July Operating Report for Jarbai, LLC [Doc. 29, Case No. 24-56157] (receipts of $100.00 and disbursements of $90.00); August Operating Report for Jarbai, LLC [Doc. 34, Case No. 24-56157] (receipts of $0.00 and disbursements of $90.00); Statement of Financial Affairs for HIP II, LLC [Case No. 24-56117], Doc. 26 at 5 (no revenue whatsoever this year or the previous two years); June Operating Report for HIP II, LLC [Doc. 28, Case No. 24-56117] (starting account balance of $20.41 followed by cash receipts of $0.00 and disbursements of $108.30); July Operating Report for HIP II, LLC [Doc. 29, Case No. 24-56117] (receipts of $240.00 and disbursements of $121.25); August Operating Report for HIP II, LLC [Doc. 34, Case No. 24-56117] (receipts of $0.00 and disbursements of $121.25); Statement of Financial Affairs for Strategic Retreat Holdings, LLC ("SRH") [Case No. 24-56117], Doc. 26 at 24 (no revenue whatsoever this year or the previous two years); June Operating Report for Strategic Retreat Holdings, LLC ("SRH") [Doc. 28, Case No. 24-56116] (starting account balance of $0.00, followed by receipts of $0.00 and disbursements of $24.26); July Operating Report for SRH [Doc. 29, Case No. 24-56116] (receipts of $120.00 and disbursements of $82.87); August Operating Report for SRH [Doc. 34, Case No. 24-56116] (receipts of $0.00 and disbursements of $82.87).

16. "When ruling on an employment application under § 327(a), the Court must decide 'whether it is reasonably necessary during the administration of the estate' to employ the proposed professional person." *In re Kearney*, 609 B.R. 383, 386–87 (Bankr. D.N.M. 2019) (quoting 3 COLLIER ON BANKRUPTCY, ¶ 327.02[1] (16th ed.)).

17. Lyle and Cary submit the Application does not show that a financial advisor is reasonably necessary in these bankruptcy cases.

18. As such, the Court should not approve the Application.

This 21st day of November, 2024.

/s/ *Steven G. Hall*
Steven G. Hall
Georgia Bar No. 319308
Shall@bakerdonelson.com
Tim Colletti
Georgia Bar No. 972791
tcolletti@bakerdonelson.com

*Attorneys for Wayne Lyle and Charles Cary*

Monarch Plaza, Suite 1500
3414 Peachtree Road, N.E.
Atlanta, Georgia  30326
Tel:  404.577.6000
Fax:  404.221.6533

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 21, 2024, a true and correct copy of the within and foregoing **OBJECTION TO DEBTORS' APPLICATION TO APPROVE EMPLOYMENT OF FINANCIAL ADVISOR EFFECTIVE AS OF THE PETITION DATE** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties consenting to service through the Court's CM/ECF system.

/s/ Tim Colletti
Tim Colletti
Georgia Bar No. 972791
tcolletti@bakerdonelson.com

5