**IT IS ORDERED as set forth below:**

**Date: September 3, 2026**

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| FULCRUM LOAN HOLDINGS, | CASE NO. 24-56114-PWB |
| Debtor. | CHAPTER 11 |
| RONALD S. LEVENTHAL, | |
| Plaintiff, | |
| vs. | ADV. NO. 25-5226-PWB |
| BAY POINT CAPITAL PARTNERS II LP, | |
| Defendant. | |

**ORDER DENYING MOTIONS FOR RECUSAL**

Ronald S. Leventhal, a pro se litigant in this case and adversary proceeding, has filed motions for recusal of the Undersigned (hereinafter, "the Undersigned" or "the Court") pursuant to 28 U.S.C. § 144 and § 455(a). [Case No. 24-56114, Doc. 630-32; Adv. No. 25-5226 Doc. 38-40]. After the Court announced in open Court on August 24, 2026, that it would deny the motions, Mr. Leventhal filed in the case and adversary proceeding an "Amended and Restated Memorandum of Law in Support of Motion for Jurisdictional Recusal" [Case No. 24-56114, Doc. 640; Adv. No. 25-5226 Doc. 44 ] and an Amended and Restated Declaration in Support of Motion to Recuse" (Case No. 24-56114; Adv. No. 25-52267, Doc. 45 ]. Mr. Leventhal asserts that recusal is required due to "incurable personal bias, deep-seated prejudice, and a pre-determined mind against [him] particularly for availing [himself] of lawful actions and no[t] allowing unchallenged serious due process violations" that mandate immediate disqualification. [Case No. 24-56114, Doc. 632, ¶ 1; Adv. No. 25-5226, Doc. 40 ¶ 1].

The Court has carefully considered Mr. Leventhal's arguments and concludes that recusal is unnecessary and unwarranted because (1) 28 U.S.C. § 144 does not apply to bankruptcy courts; and (2) Mr. Leventhal has asserted no facts that warrant recusal under 28 U.S.C. § 455(a). For the reasons stated herein, the motions for recusal are denied.

## I. Factual and Procedural Background

This case has a lengthy history, but it is unnecessary to reiterate it here. Briefly, this Court denied confirmation of the proposed sale of the assets of Fulcrum Loan Holdings, LLC (the "Fulcrum Property") after a multi-day evidentiary hearing. [Case No. 24-56114, Doc. 481]. Thereafter, the Debtor's Plan Administrator, Bay Point Capital Partners II, LP, Wayne Lyle and Charles Cary, and Ronald S. Leventhal, attempted to mediate their disputes to resolve the outstanding sale and claim issues. The mediation was moderately successful in that the Plan Administrator, Bay Point, and Messrs. Lyle and Cary came to a resolution that settled their issues, but Mr. Leventhal and the parties did not.

After conclusion of the mediation, Bay Point, the Plan Administrator, and Messrs. Lyle and Cary filed a joint motion to modify the confirmed chapter 11 plan, approve the settlement agreement among the parties, and approve the sale of the Fulcrum Property (the "Joint Motion"). [Case No. 24-56114, Doc. 522].

The Court conducted an evidentiary hearing on the Joint Motion on July 13, 2026, and July 20, 2026. After the close of evidence and argument, the Court made its oral findings of fact and conclusions of law granting the Joint Motion on July 20, 2026. An order granting the Joint Motion was entered July 28, 2026 (the "Joint Motion Order"). [Case No. 24-56114, Doc. 570]. Mr. Leventhal appealed the Joint Motion Order on July 28, 2026 [Doc. 572] but did not seek reconsideration of the Joint Motion Order or request a stay pending appeal before this Court.

On August 7, 2026, the Court entered an Order denying Mr. Leventhal's request for an emergency status conference. [Case No. 24-56114, Doc . 593]. On August 14, 2026, the Court denied Mr. Leventhal's request that the Court strike the Plan Administrator's Notice of Sale and Occurrence of Substantial Consummation. [Case No. 24-56114, Doc. 600]. Mr. Leventhal appealed both of these Orders on August 18, 2026. [Case No. 24-56114, Doc. 603, 604].

On August 19, 2026, the Court held an emergency hearing on the motion of Bay Point (and others) to (I) Enforce Plan Injunctions; (II) Enforce Automatic Stay; (III) Strike Lis Pendens; (IV) Strike Other Liberty County Filings Made In Violation Of The Automatic Stay And/Or Plan Injunctions; (V) Enjoin Future Filings And Actions Of Ronald S. Leventhal Related To Hampton Island Or In Violation Of Plan Injunctions; And (VI), In The Alternative, Requiring Ronald S. Leventhal To Post Bond ("the Plan Injunction Motion"). [Case No. 24-56114, Doc. 602]. At that hearing the Court advised Mr. Leventhal that it would not revisit old arguments that the Court had considered and that he had lost. The Court explained to him that a lis pendens was not a method for challenging a free and clear sale order in a bankruptcy case, and that the procedure for doing so would be to obtain a stay pending appeal. The Court continued the hearing on the Plan Injunction Motion to August 27, 2026, but advised Mr. Leventhal that it would not hear evidence unless he filed a statement of material facts that required evidence and then explained to Mr. Leventhal what facts were and were not material.

The Court also took up several housekeeping matters, such as whether the referenced adversary proceeding and another one should be dismissed given that they appeared to have no bearing on further administration of the chapter 11 case in view of the resolution of issues as set forth above. The Court stated that it appeared dismissal was appropriate for both but did not dismiss them at the hearing. The Court continued the motion for further hearing on August 27, 2026.

Following the August 19 hearing, the Court entered an Order that scheduled a deadline of August 26, 2026, at 12:00 p.m. (the day before the continued hearing) for Mr. Leventhal to file his statement of material facts. [Case No. 24-56114, Doc. 620]. The Court's law clerk emailed the parties a copy of the signed order on Saturday, August 22, and the Order was entered on Monday, August 24, 2026.[1]

In addition, the Court entered Orders in adversary proceedings 25-5221 and 25-5226 scheduling hearings on August 27 (the same day as the continued hearing on the Plan Injunction Motion) for the parties to show cause why the Court should not dismiss or abstain from hearing them, as the Court discussed at the August 19 hearing.

On August 26, 2026, at approximately 4:02 p.m., the day before the continued hearing, Mr. Leventhal filed in the case and in the referenced adversary proceeding a

---

[1] In review of the audio transcript of the August 19, 2026, hearing during the colloquy regarding the filing of a statement of disputed material facts someone inquired as to a deadline but the Court did not give one. To avoid further delays or surprise, the Court deemed it appropriate to set a firm deadline for Mr. Leventhal to set forth any disputed material facts with regard to Bay Point's motion.

motion to recuse the Undersigned, along with memorandum of law and his declaration in support of the motion. [Case No. 24-56114, Doc. 630, 631, 632; Adv. No. 25-5226, Doc. 38, 39, 40]. Mr. Leventhal contends that the Undersigned possesses "an incurable personal bias, deep-seated prejudice, and a pre-determined mind against me particularly for availing myself of lawful actions and no[t] allowing unchallenged serious due process violations" that mandate the Undersigned's recusal under 28 U.S.C. 144 and 455. [Doc. 632, ¶ 1; Adv. No. 25-5226 Doc. 40, ¶ 1].

The Court addresses the applicability of 28 U.S.C. § 144 to the Bankruptcy Courts in Section II and the specific allegations of bias, prejudice, and lack of impartiality in Section III below.

## II. 28 U.S.C. § 144 Does Not Apply

Section 144 of Title 28 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The Court concludes that Section 144 of Title 28 does not apply to this matter.

Recusal under 28 U.S.C. § 144 is inapplicable to bankruptcy courts. By its statutory language, § 144 applies to *district courts* only.

In *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir.1979), the Fifth Circuit Court of Appeals held that 28 U.S.C. § 144 "by its terms applies only to district judges." *Hepperle* remains binding precedent in the Eleventh Circuit.[2]

Other courts have consistently concluded that 28 U.S.C. § 144 does not apply to bankruptcy courts. *In re Roman Catholic Church of the Archdiocese of New Orleans*, 20205 WL 986236 (E.D. La. Mar. 5, 2025) (affirming bankruptcy court's ruling that 28 U.S.C. § 144 was inapplicable to it); *In re Syntax-Brillian Corp.*, 400 B.R. 21, 25 (Bankr. D. Del. 2009) (28 U.S.C. § 144 applies only to district court judges, and not bankruptcy judges); *In re Celotex*, 137 B.R. 868, 874 (Bankr. M.D. Fla. 1992) ("Title 28 U.S.C. § 144 does not apply to the bankruptcy court."); *In re Norton*, 119 B.R. 332, 334 (Bankr. N.D. Ga. 1980) ("It is well settled that 28 U.S.C. § 144 by its terms applies only to district judges."); *In re Foster Iron Works, Inc.*, 3 B.R. 715 (S.D. Tex. 1980) (§ 144 does not apply to bankruptcy courts or federal appellate courts).

---

[2] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

Section 144's inapplicability to bankruptcy courts is consistent with the language of Bankruptcy Rule 5004, which plainly states, "A bankruptcy judge's disqualification is governed by 28 U.S.C. § 455."

Because 28 U.S.C. 144 is inapplicable to the bankruptcy court, the Court denies Mr. Leventhal's motions for recusal in this case and the referenced adversary proceeding for that reason.[3]

## III. Recusal Under 28 U.S.C. § 455 is Unwarranted

Section 455 of Title 28 governs the disqualification of federal judges, including bankruptcy judges, from acting in particular cases. A judge is disqualified from presiding over a proceeding or contested matter in which a disqualifying circumstance arises – and, when appropriate, from presiding over the entire case. Of relevance to this particular case and adversary proceeding are the requirements that a judge shall disqualify himself in "any proceeding in which his impartiality might reasonably be questioned" or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1).

In *Liteky v. United States*, 510 U.S. 540, 555 (1994), the United States Supreme Court explained:

[3] With respect to the substance of Mr. Leventhal's affidavit, it is replete with falsehoods, fictions, and theories, not facts, as the Court discusses in Part III.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

The standard for recusal is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). The test for recusal is objective, not subjective. *United States v. Corr*, 434 F.Supp. 408, 412-413 (S.D.N.Y. 1977) (the test for disqualification under 28 U.S.C. § 455 "is not the subjective belief of the defendant or that of the judge, but whether facts have been presented that, assuming their truth, would lead a reasonable person reasonably to infer that bias or prejudice existed, thereby foreclosing impartiality of judgment.").

The challenged judge may rule on a recusal motion. *In re United States*, 158 F.3d 26, 34 (1st Cir. 1998); *Schurz Communications, Inc. v. FCC*, 982 F.2d 1057, 1059 (7th Cir. 1992).

Mr. Leventhal cites a number of instances that he contends show the Undersigned has displayed bias and prejudice, or a lack of impartiality that warrants recusal. The Court has broken the allegations down by category and discusses each in turn.

A. Bias and Prejudice

*1. Extrajudicial favoritism to "Chambers insiders"*

Mr. Leventhal contends that the Court has displayed "extrajudicial favoritism" to Mr. Roberto Bazzani, an attorney for a party in interest in the case. Mr. Leventhal contends that Mr. Bazzani (1) is a former personal law clerk for two years for the Undersigned [Doc. 632, ¶ 16]; (2) who used his time in the Undersigned's Chambers in 2021 through 2023 to access confidential and proprietary financial information from Scott Leventhal's personal bankruptcy case to access the "Leventhal family's master corporate structures, proprietary development blueprints, and the extensive valuation data underlying the Hampton asset class." [Doc. 632, ¶ 17*; see id.*, ¶ 15-16, 18 ].

Mr. Leventhal's assertions are demonstrably false in multiple ways.

First, The Undersigned has had only one law clerk during his entire 24-year tenure and it was not Mr. Bazzani. Mr. Bazzani has never served as a personal law clerk for the Undersigned. Mr. Bazzani held a four-month externship in January through April 2012 while a law school student. He served a two-year clerkship for a

different judge in the Bankruptcy Court for the Northern District of Georgia. But Mr. Bazzani was not a law clerk for the Undersigned or anyone while Scott Leventhal's bankruptcy case, that being 21-55036-pwb, was pending between July 5, 2021, and December 31, 2024. Mr. Bazzani's law school externship ended *nine years* before Scott Leventhal filed bankruptcy. This is a fact and one that is easily provable.

Mr. Leventhal's assertion of bias on these grounds is based on assertions that are irrefutably and completely false and easily disproved. A simple phone call to Chambers or the Clerk's office could establish the falsity of the employment allegations regarding Mr. Bazzani that would disprove the "extrajudicial access" that Mr. Leventhal contends exists. Mr. Leventhal's assertions regarding an extrajudicial "relationship" with Mr. Bazzani are demonstrably false.

To put it bluntly, Mr. Leventhal's concocted theory that the Court is in cahoots with an attorney in this case has no basis in fact and given its blatant falsity provides no basis for recusal in this case.

*2. "Sua sponte" orders*

Mr. Leventhal contends that the Court's issuance of its Order setting a deadline for him to file a statement of disputed material facts or the orders entered in adversary proceedings 25-5121 and 25-5226 were somehow part of some coordinated effort with parties in a conspiracy against him. He contends that a bankruptcy judge "possesses absolutely zero statutory authority to utilize midnight, unrequested sua

sponte interventions or compressed 7 day calendars to mirror the extrajudicial coercion threats of an outside corporate lender." [Doc. 631 at 5-6; see also Doc. 632, ¶ 10].

The allegation that the Undersigned "coordinated" with other parties in the case is sheer speculation. This Court has not "coordinated" with any party in this case. This Court has not conducted a single hearing or status conference of which Mr. Leventhal was not aware and in which he did not participate.

The Court's issuance of an Order setting a deadline for Mr. Leventhal to file a statement of disputed material facts was an attempt to correct an oversight and to prevent any further chaos or surprise in this case. The audio transcript of the August 19, 2026, hearing shows that, during the colloquy regarding the filing of a statement of disputed material facts, someone inquired as to a deadline for the filing of such a statement but the Court did not give one. To avoid further delays or surprise, the Court deemed it appropriate to set a firm deadline for Mr. Leventhal to set forth any disputed material facts with regard to the Plan Injunction Motion. The Court issued this sua sponte Order and the Court's law clerk emailed a copy of the Order to Mr. Leventhal and the attorneys on August 22.

The issuance of the deadline order on a sua sponte basis is a perfectly appropriate use of this Court's authority. The Undersigned has an absolute right to run his courtroom as he chooses in accordance with the requirements of the Bankruptcy

Code, the Bankruptcy Rules, and the Judicial Code of Conduct and he has done so throughout the entirety of this case.

The Court has zero knowledge about telephone calls between Mr. Leventhal and other parties, when they occurred, or even if they occurred. The Court has not and does not engage in ex parte communications with parties.

The same is true of the show cause orders entered in the adversary proceedings. Given that the plan as modified is confirmed and all assets have been sold and administered, the bankruptcy case for all intents and purposes is over. The adversaries have zero impact on the administration of the bankruptcy case. The Court's issuance of orders for the parties to show cause why they should not be dismissed or why the Court should not abstain is entirely appropriate in the Court's administration of its caseload.

The insinuation that this Court would somehow intervene on behalf of and coordinate with a party to undermine Mr. Leventhal is absolutely false. The issuance of these orders was appropriate and does not show bias, prejudice, or impartiality.

*3. The Undersigned's oral ruling on the Joint Motion on July 20, 2026*

At the conclusion of the presentation of evidence and argument on the Joint Motion on July 20, 2026, after a two-day trial, the Court announced its findings of fact and conclusions of law that served as a basis for granting the Joint Motion.

Mr. Leventhal contends that the Undersigned read from a "pre-written script" without considering his closing argument." [Doc. 631 at 4-5]. Mr. Leventhal concludes that the Court had made up its mind in advance of its ruling on the Joint Motion showing that the Court's mind was closed and biased against Leventhal.

First, Mr. Leventhal has no entitlement to the Court's thought process. The Court's preparation for hearings, especially evidentiary hearings, is necessary to ensure the Court gets the facts and the law right. How a Court prepares and arrives at its conclusions is the Court's business and requires no justification in response to Mr. Leventhal's motion.

The Undersigned made thorough and thoughtful findings of fact and conclusions of law regarding not only the Joint Motion, but also other pending motions and matters in the case that had been scheduled for hearing – on some of which Mr. Leventhal prevailed. Mr. Leventhal participated forcefully and was well prepared at the evidentiary hearings on the Joint Motion, but as the Court explained, absent a higher and better offer in the case, Leventhal's remarks did not carry the day, and he could not defeat the Joint Motion.

None of Mr. Leventhal's assertions establish bias, prejudice, or impartiality that warrant recusal.

B. <u>Lack of Impartiality</u>

*1. Open complaints in court that reveal deep seated antagonism*

Mr. Leventhal contends that the Undersigned suffers from "physical and administrative exhaustion" driving the Undersigned into a "deep seated antagonism" toward him. [Doc. 632, ¶ 5]. Mr. Leventhal contends that the Undersigned made "extraordinary, unprompted admissions from the bench" regarding his administrative impatience with the case, his back pain that Leventhal posits "makes his personal life and tenure at times uncomfortable," and a comment regarding retirement. [Doc. 632, ¶ 4; see Doc. 632, ¶ 8-9].

The Court does not suffer from physical or administrative exhaustion. This Court has presided over this case for the better part of two years, conducting extensive hearings and providing prompt rulings.

Mr. Leventhal does not cite to any record regarding comments of chronic back pain. The Court cannot recall ever complaining of chronic back pain namely because, although the Undersigned goes to physical therapy to manage occasional back pain, he in no way suffers from "chronic" back pain.

This statement is false, but even if it were true it would be completely irrelevant.

As to comments that suggest impatience with the case, the Court cannot respond since Mr. Leventhal has not cited to any particular comment. To the extent he perceives impatience, it may arise because the Court has made plain to Mr. Leventhal that, following the resolution and approval of the Joint Motion, the

bankruptcy case is largely over and the persistent and consistent attempts to raise old arguments is not a matter for the Undersigned to decide. Mr. Leventhal's appropriate course of action lies on appeal with the District Court.

Finally, with respect to any comment the Undersigned may have made about retirement, this is not a statement of bias or prejudice, or a demonstration of partiality. At best, it is a statement taken out of context by a judge frustrated with the litigiousness of the parties, but it certainly was not a statement directed at Mr. Leventhal.

*2. Courtroom "Shouting" and Instructions to Mr. Leventhal to "Get a Stay"*

The Court agrees that it told Mr. Leventhal repeatedly that if he disputed the Court's ruling he should "get a stay" pending appeal. This is the normal course of any litigation. As the Court explained, a "lis pendens" under Georgia law is irrelevant in a free and clear of sale in bankruptcy proceedings. The remedy is not to file a "lis pendens," but instead to obtain a stay of the free and clear sale order under Bankruptcy Rule 8007. Mr. Leventhal did not request a stay of the Order in the Bankruptcy Court. And although he contends he requested one in the District Court, he has not shown he obtained a stay of any of the Bankruptcy Court's orders.

The Court's admonition that Mr. Leventhal "get a stay" is a simple fact of bankruptcy practice and procedure, not a matter of bias, prejudice, or lack of impartiality.

While the Undersigned would not characterize his actions as "shouting," it would be fair to characterize the Undersigned's tone as exasperated. Whatever exasperation the Court may have displayed, however, arose from Mr. Leventhal's repeated refusal to acknowledge that the venue for his arguments about why the Joint Motion was approved and why he should not have lost is the district court on appeal.

But exasperation is not a ground for recusal. As the Supreme Court observed in *Liteky*, 510 U.S. at 555-556, "Not establishing bias or partiality ... are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *See In re Spiritos*, 298 B.R. 425, 431 (Bankr. C.D. Cal. 2003) ("A judge is expected to effectively manage the flow of the proceedings, maintain proper decorum, and treat parties with respect. A judge is not, however, required to be perfect or superhuman.").

The comments identified by Mr. Leventhal do not display bias, prejudice or impartiality and, therefore, do not serve as a basis for recusal.

*3. Continuous and Consistent Arguments that Are Now Matters for the Appellate Process*

The vast majority of Mr. Leventhal's arguments in his motion, declaration, and memorandum of law show that, at bottom, his grievances arise from matters that have been heard and decided and that are now subject to appellate review. [Doc. 632, ¶¶ 11-14, 20-27].

But adverse rulings by a court do not establish bias for purposes of disqualification. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008). "Judicial rulings are grounds for appeal, not recusal." *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.,* 299 F.3d 635, 641 (7th Cir. 2002) (*citing Liteky*, 510 U.S. at 555).

Dissatisfaction with this Court's prior rulings is not evidence of bias, prejudice, or impartiality.

Conclusion

As stated in *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004), the standard for recusal is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."

The Undersigned is confident that an objective observer fully informed of the facts of this case and the motion for recusal would not entertain a significant (or indeed, any) doubt about his lack of bias and prejudice or his impartiality.

Based on the foregoing, the Court concludes that (1) 28 U.S.C. § 144 is inapplicable to the bankruptcy court; and (2) Mr. Leventhal has failed to establish that the Undersigned's "impartiality might reasonably be questioned" or that he "has a personal bias or prejudice concerning a party" that would warrant recusal pursuant to 28 U.S.C. § 455(a) and (b)(1). Accordingly, it is

ORDERED that the Debtor's Motions for Recusal [Case No. 24-56114, Doc. 630; Adv. No. 25-5226, Doc. 38], are denied.

**END OF ORDER**

**Distribution List**

Ronald S. Leventhal
3600 Dallas Hwy, Suite 230
Marietta, Georgia 30064

And electronically to all registered CM/ECF participants in this case